**UNITED STATES DISTRICT COURT**

**DISTRICT OF SOUTH CAROLINA**

**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Damon R. Simpkins, | ) C/A: | 2:23-cv-176-RMG-MGB |
| | ) | |
| Plaintiff | ) | |
| | ) | **COMPLAINT** |
| v | ) | (42 U.S.C. § 1983) |
| | ) | (Jury Trial Demanded) |
| Ron Morgan, | ) | |
| Defendant | ) | |
| | ) | |

Plaintiff named herein, complaining of Defendants herein, would respectfully show unto this Honorable Court and allege as follows:

## JURISDICTION

1. This action is an action for money damages brought pursuant to 42 U.S.C.A. §§ 1983, et seq., and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and under the common law, the statutory law, and the Constitution of the State of South Carolina, against Defendants.

2. Subject matter jurisdiction is conferred upon the Court by 28 U.S.C.A. §§ 1331, 1367 (a), (b), (c), (d), and 1343, and 28 U.S.C.A. §§ 2201 and 2202.

## PARTIES

3. The Plaintiff is a citizen and resident of the State of South Carolina.

4. Upon information and belief (during the time periods set out below), Defendant Ron Morgan was a correctional officer who had direct contact with the Plaintiff and/or had direct knowledge of the substantial risk to the Plaintiff's safety and health. This Defendant had the obligation and opportunity to protect the Plaintiff from physical harm. Additionally, during the

time period in question, the Plaintiff's constitutional rights were well established and well known to the Defendant listed above. This would include, and not be limited to, the Plaintiff's right to be free from cruel and unusual punishment. This Defendant was consciously and deliberately indifferent to the safety of the Plaintiff by knowingly exposing the Plaintiff to a substantial risk to his physical safety. A more detailed description of his contact with the Plaintiff and knowledge of the substantial risks are set out below.

5.      The allegations set forth in this Complaint occurred in Dorchester County; therefore, venue is proper in this District.

**FACTS**

6.      Prison officials a have federal constitutional duty (under the 8th Amendment) to protect inmates from violence at the hands of other prisoners. In this case the Plaintiff is informed and believes that (a) prison officials knew that the Plaintiff was exposed to a substantial risk of serious harm to his physical safety; (b) the Defendant failed to take reasonable measures to abate the risk; and (c) the Plaintiff suffered serious injuries as a direct result thereof.

7.      The Plaintiff is informed and believes that the correctional staff (to include and not be limited to C/O Ron Morgan) at the Lieber Correctional Institution had entered into a pattern and practice of failing to provide the adequate and/or specific number of properly trained officers at numerous locations throughout the facility. Further, Defendant Morgan knew or should have known that the conscious failure to provide adequate security measures would result in unsafe conditions for the Lieber inmate population – to include and not be limited to allowing illegal contraband (such as weapons) on the premises and failing to recognize an inmate (such as the Plaintiff) with a serious medical condition requiring emergent medical care.

8.     Prior to the events in question, Defendant Morgan had received training to recognize when an inmate had a serious medical condition which required emergent medical care. Additionally, Defendant Morgan had received training that required him to ensure that the inmates needing such medical care received it in an emergent fashion. In this case, Defendant Morgan consciously failed to take the actions he was trained to provide. Further, even without training, Defendant Morgan, who had actual contact with the Plaintiff (or who supervised others who had contact with him), should have easily been able to recognize that the Plaintiff had a serious medical condition which required emergent medical care.

9.     On or about January 18, 2020, the Plaintiff was in the care and custody of Lieber Correctional Institution – which is part of the South Carolina Department of Corrections. During the time period in question (while located at Lieber CI), the Plaintiff was placed in the Cooper Unit. Additionally, during this time Defendant Morgan either worked in or supervised others who worked in and were responsible for the safety of the inmates who were housed in the Cooper Unit.

10.    Upon information and belief, Lieber Correctional Institution is classified as a level three (3) correctional institution denoting that it is a maximum-security facility. Additionally, prior to the events involved in this incident, this facility had a long history of overcrowding and failure to provide adequate security and supervision over the inmate population located at the facility. Specifically, just prior to and during the time period in question, Defendant Morgan consciously failed to provide the adequate and/or proper numbers of adequately trained security personnel at numerous locations throughout the facility (to include the Cooper Unit). Further, Defendant Morgan knew or should have known that his conscious failure to provide adequate security measures would result in unsafe conditions for the inmate population – to include the type of event which occurred on January 18, 2020 (involving the Plaintiff).

11. Prior to the incidents in question, Defendant Morgan was well aware of the existence of competing gangs within its facility and, equally aware of the potential for outbreaks of violence within the inmate population when left unsupervised at Lieber Correctional (to include Cooper Unit). Further, Defendant Morgan was well aware that the Cooper Unit was extremely dangerous and housed the most violent offenders and/or numerous gang members. Additionally, Defendant Morgan was well aware that medical staff would not respond to this unit for any medical emergency unless all inmates were locked down within their cells. Therefore, inmates located in Cooper in need of emergent medical care were usually not seen unless they were physically taken to the medical unit.

12. Prior to the incidents in question, it was well known to Defendant Morgan that a large percentage of its inmate population carried and/or had access to weapons, including shanks, to inflict physical harm. Further, Defendant Morgan knew or should have known that his conscious failure to provide adequate monitoring and security measures (to prevent the widespread use of weapons) would result in unsafe conditions for the inmate population – to include the type of incident which occurred on January 18, 2020 in the Cooper Unit involving the Plaintiff.

13. The Plaintiff is informed and believes that prior to the incident in question, Defendant Morgan was aware that prior investigations conducted by SCDC revealed repeated arguments, assaults and fights occurring within the Lieber Correctional Institution making it one of the most dangerous of the SCDC facilities. The incident and investigative reports created by these events (prior to the incidents in question) were well known to the Defendant – thus giving him ample knowledge of the dangerous risk of harm to inmates when they were left unsupervised, unmonitored and unprotected.

14. The Plaintiff is informed and believes that prior to the incidents in question, Defendant Morgan worked in the Cooper Unit during his shifts and became keenly aware of the competing gangs, abundance of weapons, the need for additional staff, and the overall dangerous, unsafe conditions located in the Cooper Unit.

15. Additionally, prior to the incidents in question, the Plaintiff is informed and believes that Defendant Morgan was aware that certain gangs were causing security and safety problems within the Cooper Unit. However, Defendant Morgan consciously failed to take any action by way of removing the Plaintiff from the Cooper Unit and placing him in protective custody.

16. On January 18, 2023, prior to 3:00pm, the Plaintiff is informed and believes that Defendant Morgan consciously failed to perform proper security checks every thirty (30) minutes as required by his training and mandated by SCDC policy and procedure.

17. On January 18, 2023, at approximately 3:00pm, the Plaintiff 's cellmate began to loudly yell and push the Plaintiff around the cell. The Plaintiff is informed and believes that the noise from this could be heard all the way into the sally-port. At this time there was supposed to be at least one (1) correctional officer (Defendant Morgan) covering the B-Wing of the Cooper Unit. However, during this specific time, Defendant Morgan was not present on the Wing. This was in clear violation of the SCDC Post Orders and policies and procedures. Specifically, Defendant Morgan noted in his incident report that he did, in fact, hear loud noises coming from the upper tier [where the Plaintiff's cell was located] while he was in the sally port. However, instead of entering the wing and immediately responding to the area to investigate the noise [and more likely than not prevent the Plaintiff's stabbing], Defendant Morgan remained in the sally port for a period of time then returned to his desk to complete paperwork. Sometime later, Defendant

Morgan finally approached the area of the Plaintiff's cell; however, by this time the Plaintiff had already been violently attacked (without justification or cause) by his cellmate who was armed with a knife. Due to the fact the Plaintiff sustained several deep stab wounds to his face, eyes and head during the attack, there were large amounts of blood pouring from the Plaintiff's wounds onto the floor.

18.     As a direct result of the above physical violence, the Plaintiff had to be transported to Trident Regional Medical Center where he underwent treatment for a fracture of his left orbital floor, a maxillary sinus fracture and facial lacerations. He continues to suffer both mentally and physically from constant pain, permanent scarring and paranoia.

19.     During this period of time Defendant Morgan (whose primary duties were to ensure the health and safety of the inmates located at Lieber Correctional) failed to protect these inmates from an obviously dangerous environment which was created by the lack of security personnel and safety measures.

20.     Additionally, Defendant Morgan had a Federal Constitutional duty to protect inmates from violence at the hands of other persons when he knew or should have known that certain conditions presented a substantial safety risk. At all times relevant, Defendant Morgan was not only on site at the facility, but was well aware that the unit in question was understaffed and contained personnel who was not properly trained. He was also well aware that this created a highly dangerous situation for all inmates located in that area. Even though he had the opportunity and obligation, he consciously failed to take any steps to ensure the inmates' safety.

21.     Additionally, after suffering the injuries incurred in the attack, and because Defendant Morgan had abandoned his post, the Plaintiff was denied immediate medical assistance.

Defendant Morgan's conscious failure to provide medical assistance directly caused and/or contributed to the Plaintiff's pain and suffering.

**FOR A FIRST CAUSE OF ACTION**
**VIOLATION OF FEDERAL CIVIL RIGHTS 42 U.S.C. § 1983**
**(4TH & 8TH AMENDMENT – FAILURE TO PROVIDE MEDICAL CARE – CRUEL AND UNUSUAL PUNISHMENT)**

22.     Each and every allegation of fact contained in the Paragraphs above is re-alleged herein, as if re-stated verbatim.

23.     Defendant Morgan was acting under the color or pretense of State law, customs, practices, usage, and/or policy at all times mentioned herein as correctional officers and/or supervisors who had certain duties imposed upon them with regard to the Plaintiff. Additionally, during the time period in question, Defendant Morgan was well aware of the Plaintiff's constitutional rights, including his right to be free from cruel and unusual punishment.

24.     Defendant Morgan was consciously and deliberately indifferent to the Plaintiff and acted in egregious and arbitrary conduct during the time period mentioned in the facts in the following particulars:

(a)     in consciously failing to provide reasonable, necessary and appropriate medical care to the Plaintiff when they had the opportunity and obligation to do so. Further, in failing to provide reasonable, necessary and appropriate medical care to the Plaintiff – who had a serious need of medical treatment which was open and obvious to those Defendants who had contact with him;

(b)     in consciously failing to use even slight care and caution in safekeeping the Plaintiff;

(c)     in knowingly, deliberately and consciously denying appropriate immediate medical care to the Plaintiff;

(d) in consciously failing to properly care for the Plaintiff, when the Defendants and/or their personnel, agents and/or employees knew or should have known that the Plaintiff was in dire need of either medical assistance and/or immediate treatment;

(e) in consciously failing to provide immediate medical assistance to the Plaintiff when they knew or should have known that he was in such a state that he was unable to care for himself;

(f) in consciously failing to take the appropriate steps to or provide medical care and treatment to the Plaintiff when they had actual and constructive notice of the Plaintiff's condition;

(g) in abandoning the Plaintiff when he was in desperate need for immediate medical care;

(h) in consciously and deliberately allowing gross overcrowding at the Lieber Correctional Institution;

(i) in consciously and deliberately failing to provide the appropriate number of correctional staff at the various locations in Lieber Correctional Institution (to include the Cooper unit);

(j) in consciously and deliberately failing to provide adequate and appropriate security officers at the Lieber Correctional Institution including the Cooper unit;

(k) in consciously and deliberately failing to properly monitor the inmates (mainly the Plaintiff) at the Lieber Correctional Institution including the Cooper unit;

(l) in consciously and deliberately failing to protect the Plaintiff from an assault;

(m) in consciously and deliberately failing to properly supervise the employees so as to ensure the safety of the inmates located at the Lieber Correctional Institution;

(n) in consciously and deliberately failing to protect the Plaintiff from serious harm;

(o) in consciously and deliberately failing to provide any level of security in the Cooper unit of the Lieber Correctional Institution after allowing numerous known violent inmates to congregate there;

(p) in consciously and deliberately failing to recognize a clearly dangerous situation after multiple events providing notice;

(q) in consciously and deliberately failing to take any action to prevent inmates from becoming severely injured after multiple events providing notice of danger;

(r) in consciously and deliberately failing to properly investigate violent incidents which occurred at the Lieber Correctional Institution;

(s) in consciously and deliberately failing to adhere to the policies and procedures of SCDC;

(t) in being consciously and deliberately indifferent to the Plaintiff's health and safety; and

(u) in being consciously and deliberately indifferent to the Plaintiff's health and safety after having knowledge of the dangerous condition and failing to take reasonable measures to prevent it from occurring.

25. As a direct and proximate result of Defendant Morgan's acts of willful, malicious, conscious and deliberate indifference, jointly, severally, and in combination thereof, the Plaintiff suffered deprivations of his rights secured by the Fourth and Eighth Amendment to the <u>United States Constitution</u>.

26. As a result, the Plaintiff suffered, and continues to suffer, conscious pain, mental and physical suffering, indignity, and loss of his aforementioned federal rights. The Plaintiff will

likely suffer from the effects of Defendant Morgan's actions now and in the future, and Plaintiff demands ACTUAL, CONSEQUENTIAL, and PUNITIVE DAMAGES from the Defendants.

**FOR A SECOND CAUSE OF ACTION**
**VIOLATION OF FEDERAL CIVIL RIGHTS 42 U.S.C. § 1983**
**(14TH AMENDMENT – DUE PROCESS VIOLATION)**

27.     Each and every allegation of fact contained in the Paragraphs above is re-alleged herein, as if re-stated verbatim.

28.     Defendant Morgan was acting under the color or pretense of State law, customs, practices, usage, and/or policy at all times mentioned herein as correctional officers and/or supervisors who had certain duties imposed upon them with regard to the Plaintiff. Additionally, during the time period in question, Defendant Morgan was well aware of the Plaintiff's constitutional rights, including his right to due process.

29.     Defendant Morgan was consciously and deliberately indifferent to the Plaintiff and acted in egregious and arbitrary conduct during the time period mentioned in the facts in the following particulars:

(a)     in consciously and deliberately allowing gross overcrowding at the Lieber Correctional Institution;

(b)     in consciously and deliberately failing to provide the appropriate number of correctional staff at the various locations in Lieber Correctional Institution (to include the Cooper Unit);

(c)     in consciously and deliberately failing to provide adequate and appropriate security officers at the Lieber Correctional Institution including the Cooper Unit;

(d)     in consciously and deliberately failing to properly monitor the inmates (mainly the Plaintiff) at the Lieber Correctional Institution including the Cooper Unit;

(e) in consciously and deliberately failing to protect the Plaintiff from an assault;

(f) in consciously and deliberately failing to properly supervise the employees so as to ensure the safety of the inmates located at the Lieber Correctional Institution;

(g) in consciously and deliberately failing to protect the Plaintiff from serious harm;

(h) in consciously and deliberately failing to provide any level of security in the Cooper Unit of the Lieber Correctional Institution;

(i) in consciously and deliberately failing to recognize a clearly dangerous situation after multiple events providing notice;

(j) in consciously and deliberately failing to take any action to prevent inmates from becoming severely injured after multiple events providing notice of danger;

(k) in consciously and deliberately failing to adhere to the policies and procedures of SCDC;

(l) in being consciously and deliberately indifferent to the Plaintiff's health and safety;

(m) in being consciously and deliberately indifferent to the Plaintiff's health and safety after having knowledge of the dangerous condition and failing to take reasonable measures to prevent it from occurring;

(n) in consciously failing to properly classify the Plaintiff;

(o) in consciously failing to house the Plaintiff in a proper unit;

(p) in intentionally housing the Plaintiff in a dangerous location;

(q) in intentionally housing the Plaintiff in a location which exposed him to a substantial risk of harm;

30. As a direct and proximate result of Defendant Morgan's acts of conscious and deliberate indifference, jointly, severally, and in combination thereof, the Plaintiff suffered, and

11

continues to suffer, deprivation of his rights secured by the Fourteenth Amendment to the <u>United States Constitution</u>.

31. As a result, the Plaintiff suffered, and continues to suffer, conscious pain, mental and physical suffering, indignity, and loss of his aforementioned federal rights. The Plaintiff will likely suffer from the effects of Defendant Morgan's actions now and in the future, and Plaintiff demands ACTUAL, CONSEQUENTIAL, and PUNITIVE DAMAGES from Defendant Morgan.

WHEREFORE, the Plaintiff prays judgment against Defendant Morgan for ACTUAL, CONSEQUENTIAL, AND PUNITIVE DAMAGES, to be determined by a competent jury and for reasonable attorney's fees and the costs of this action.

January 13, 2023

    <u>*s/ C. Carter Elliott, Jr.*</u>
C. Carter Elliott, Jr.
U.S.D.C. Bar #: 5423
Elliott, Phelan & Kunz, LLC
P.O. Box 1405
Georgetown, SC  29442
(843) 546-0650 (phone)
(843) 546-1920 (fax)
carter@elliottphelanlaw.com